DAJ

FILED
NOVEMBER 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6560

JUDGE KENDALL
MAGISTRATE JUDGE SCHENKIER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILTON INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | JURY REQUESTED |
| HELEN OF TROY LIMITED, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiff Wilton Industries, Inc. ("Wilton"), by and through its counsel, DLA Piper US LLP, and for its complaint against Defendant Helen of Troy Limited ("Helen of Troy"), states as follows:

**NATURE OF THIS ACTION**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Laws, 35 U.S.C. § 100 *et seq.*

2. An actual, substantial, and continuing justiciable controversy exists between Wilton and Helen of Troy regarding the invalidity and noninfringement of United States Patent No. 7,225,952 (the "'952 Patent").

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

4. Venue is proper in the judicial district under 28 U.S.C. §§ 1391(b), (c), and (d).

5. This Court has personal jurisdiction over Helen of Troy. Helen of Troy is doing business in the State of Illinois and within this judicial district and the basis of this controversy involves Helen of Troy's claims of patent infringement against Wilton.

## THE PARTIES

6. Wilton is a corporation organized and existing under the laws of the State Delaware, with its principal place of business located at 2240 West 75th Street, Woodridge, Illinois 60517.

7. Upon information and belief, Helen of Troy is a Bermuda corporation with its United States operations headquartered at 1 Helen of Troy Plaza, El Paso, Texas.

## THE PATENT IN SUIT

8. On June 5, 2007, the '952 Patent issued from U.S. Patent Application Ser. No. 10/929,906, filed by Mark C. Naden. (A true and correct copy of the '952 Patent is attached hereto as Exhibit A.)

## BACKGROUND

9. Helen of Troy is the assignee of the '952 Patent.

10. On or about August 2, 2007, Helen of Troy, through its counsel, sent Wilton a letter alleging that a product marketed and sold by Wilton called the "Copco Gravity Kettle" infringes Helen of Troy's '952 Patent, and requesting that Wilton cease and desist from further manufacture and sale of the Copco Gravity Kettle.

11. After additional correspondence between the parties, by their counsel, in which Wilton set forth its position that (1) its Copco Gravity Kettle does not infringe the '952 Patent, and (2) the '952 Patent is invalid, the parties were unable to reach an accord.

12. Wilton has a reasonable apprehension of an impending suit against it for infringement of the '952 Patent.

13. Wilton denies that it infringes the '952 Patent.

14. Additionally, the '952 Patent is invalid.

15. Accordingly, Wilton seeks a judicial determination and declaration of the respective rights and duties of the parties with respect to the '952 Patent.

### COUNT I

**(Declaratory Judgment of Noninfringement of the '952 Patent)**

16. Wilton realleges paragraphs 1 through 15.

17. The Copco Gravity Kettle does not fall within the scope of any of the claims of the '952 Patent.

18. Wilton's manufacture, use, offer to sell, or sale of the Copco Gravity Kettle does not infringe any of the claims of the '952 Patent.

### COUNT II

**(Declaratory Judgment of Invalidity of the '952 Patent)**

19. Wilton realleges paragraphs 1 through 18.

20. Wilton alleges that each of the claims of the '952 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in Title 35 of the United States Code. Specifically, but without limitation:

(a) The claimed invention of the '952 Patent was patented in multiple foreign countries before the invention thereof by the applicant for the '952 Patent; and

(b) Given the prior art, the subject matter sought to be patented in the '952 Patent was obvious at the time the invention was made to a person having ordinary skill in the art.

## PRAYER FOR RELIEF

Wilton requests that this Court enter a judgment declaring that:

(a)   The '952 Patent, and each and every claim thereof, is invalid;

(b)   The manufacture, use, offer to sell, or sale of the Copco Gravity Kettle does not infringe any of the claims of the '952 Patent;

(c)   This is an exceptional case and Wilton is, therefore, entitled to its costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

Wilton additionally requests such other and further relief, in law or equity, as the Court deems just and proper.

Respectfully submitted,

WILTON INDUSTRIES, INC.


By:   /s/ Gillian D. Madsen
      One of its attorneys

Monica L. Thompson (ARDC #6181455)
R. Blake Johnston (ARDC #6239464)
Gillian D. Madsen (ARDC #6243405)
DLA PIPER US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
(312) 368-4000
Fax: (312) 236-7516