IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILTON INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07 C 6560 |
| | ) | |
| v. | ) | JURY REQUESTED |
| | ) | |
| HELEN OF TROY LIMITED, | ) | Judge Kendall |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant, Helen of Troy Limited ("Helen of Troy"), for its Answer and Counterclaims to Plaintiff Wilton Industries, Inc.'s ("Wilton") Complaint, states as follows:

## NATURE OF THIS ACTION

**COMPLAINT ¶ 1:**

This action arises under the Declaratory Judgment Act. 28 U.S.C. § 2201 and 2202 and the United States Patent Laws, 35 U.S.C. § 100 *et seq*.

**ANSWER:**

Helen of Troy admits that this action purportedly arises under the Declaratory Judgment Act (28 U.S.C. § 2201 and 2202) and under the United States Patent Laws (35 U.S.C. § 100 *et seq*.).

**COMPLAINT ¶ 2:**

An actual, substantial, and continuing judiciable controversy exists between Wilton and Helen of Troy regarding the invalidity and noninfringement of United States Patent No. 7,225,952 (the "'952 Patent").

**ANSWER:**

Helen of Troy admits that there is an actual, substantial and continuing judiciable controversy between Wilton and Helen of Troy regarding the validity and infringement of the '952 Patent. Helen of Troy denies the remaining allegations of Paragraph 2.

CH1 11378264.1

## JURISDICTION AND VENUE

**COMPLAINT ¶ 3:**

The jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

**ANSWER:**

Helen of Troy admits that this Court has jurisdiction over this action under 28 U.S.C. § 1331; § 1338(a); and §§ 2201 and 2202.

**COMPLAINT ¶ 4:**

Venue is proper in the judicial district under 28 U.S.C. § 1391(b), (e), and (d).

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 4.

**COMPLAINT ¶ 5:**

This Court has personal jurisdiction over Helen of Troy. Helen of Troy is doing business in the State of Illinois and within this judicial district and the basis of this controversy involves Helen of Troy's claims of patent infringement against Wilton.

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 5.

## THE PARTIES

**COMPLAINT ¶ 6:**

Wilton is a corporation organized and existing under the laws of the State Delaware, with its principal place of business located at 2240 West 75th Street, Woodridge, Illinois 60517.

**ANSWER:**

Helen of Troy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

**COMPLAINT ¶ 7:**

Upon information and belief, Helen of Troy is a Bermuda corporation with its United States operations headquartered at 1 Helen of Troy Plaza, El Paso, Texas.

**ANSWER:**

Helen of Troy admits that its United States operations are headquartered at 1 Helen of Troy Plaza, El Paso, Texas. Helen of Troy denies the remaining allegations of Paragraph 7.

## THE PATENT IN SUIT

**COMPLAINT ¶ 8:**

On June 5, 2007, the '952 Patent issued from U.S. Patent Application Ser. No. 10/929,906, filed by Mark C. Naden. (A true and correct copy of the '952 Patent is attached hereto as Exhibit A.)

**ANSWER:**

Helen of Troy admits that the '952 Patent issued on June 5, 2007, from U.S. Patent Application Serial Number 10/929,906, filed by Mark C. Naden. Helen of Troy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

## BACKGROUND

**COMPLAINT ¶ 9:**

Helen of Troy is the assignee of the '952 Patent.

**ANSWER:**

Helen of Troy admits the allegations of Paragraph 9.

**COMPLAINT ¶ 10:**

On or about August 2, 2007, Helen of Troy, through its counsel, sent Wilton a letter alleging that a product marketed and sold by Wilton called the "Copco Gravity Kettle'' infringes Helen of Troy's '952 Patent, and requesting that Wilton cease and desist from further manufacture and sale of the Copco Gravity Kettle.

**ANSWER:**

Helen of Troy admits the allegations of Paragraph 10.

**COMPLAINT ¶ 11:**

After additional correspondence between the parties, by their counsel, in which Wilton set forth its position that (1) its Copco Gravity Kettle does not infringe the '952 Patent, and (2) the '952 Patent is invalid, the parties were unable to reach an accord.

**ANSWER:**

Helen of Troy admits that additional correspondence occurred between the parties and that the parties were unable to reach an accord. Helen of Troy denies the remaining allegations of Paragraph 11.

**COMPLAINT ¶ 12:**

Wilton has a reasonable apprehension of an impending suit against it for infringement of the '952 Patent.

**ANSWER:**

Helen of Troy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

**COMPLAINT ¶ 13:**

Wilton denies that it infringes the '952 Patent.

**ANSWER:**

Helen of Troy is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

**COMPLAINT ¶ 14:**

Additionally, the '952 Patent is invalid.

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 14.

**COMPLAINT ¶ 15:**

Accordingly, Wilton seeks a judicial determination and declaration of the respective rights and duties of the parties with respect to the '952 Patent.

**ANSWER:**

Helen of Troy admits that Wilton purports to seek some type of a judicial determination and declaration regarding infringement and validity of the '952 Patent. Helen of Troy denies the remaining allegations of Paragraph 15.

### COUNT I

### (Declaratory Judgment of Noninfringement of the '952 Patent)

**COMPLAINT ¶ 16:**

Wilton realleges paragraphs 1 through 15.

**ANSWER:**

Helen of Troy restates and incorporates its answers to Paragraphs 1 through 15 as its response to the allegations in Paragraph 16.

**COMPLAINT ¶ 17:**

The Copco Gravity Kettle does not fall within the scope of any of the claims of the '952 Patent.

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 17.

**COMPLAINT ¶ 18:**

Wilton's manufacture, use, offer to sell, or sale of the Copco Gravity Kettle does not infringe any of the claims of the '952 Patent.

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 18.

## COUNT II

### (Declaratory Judgment of Invalidity of the '952 Patent)

**COMPLAINT ¶ 19:**

Wilton realleges paragraphs 1 through 18.

**ANSWER:**

Helen of Troy restates and incorporates its answers to Paragraphs 1 through 18 as its response to Paragraph 19.

**COMPLAINT ¶ 20:**

Wilton alleges that each of the claims of the '952 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in Title 35 of the United States Code. Specifically, but without limitation:

(a) The claimed invention of the '952 Patent was patented in multiple foreign countries before the invention thereof by the applicant for the '952 Patent; and

(b) Given the prior art, the subject matter sought to be patented in the '952 Patent was obvious at the time the invention was made to a person having ordinary skill in the art.

**ANSWER:**

Helen of Troy denies the allegations of Paragraph 20.

### PRAYER FOR RELIEF

Helen of Troy denies that Wilton is entitled to any of the relief requested in its prayer for relief.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Wilton has infringed, is infringing, has contributorily infringed, is contributorily infringing, induced others to infringe, and/or is inducing others to infringe one or more claims of the '952 Patent.

-6-

Helen of Troy reserves the right to amend and/or supplement its affirmative defenses as its investigation of Wilton's allegations and the '952 Patent and discovery in this matter progresses.

## COUNTERCLAIMS

Helen of Troy Limited ("Helen of Troy"), for its counterclaims against Wilton Industries, Inc. ("Wilton"), states as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, for Wilton's infringement of patent no. 7,225,952 ("the '952 Patent").

2. Counterclaimant Helen of Troy is a Barbados international business company, and has its principal place of business at 13 - 8th Avenue, St. Michael, Barbados.

3. On information and belief, Wilton is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business at 2240 West 75th Street, Woodridge, Illinois 60517.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this matter arises under an act of Congress relating to the '952 Patent.

5. Through the filing of its Complaint, Wilton asked this Court for a declaratory judgment for non-infringement and invalidity of the '952 Patent, and has thus submitted itself to the jurisdiction of this Court.

6. Helen of Troy is the owner of all right, title and interest in and to the '952 Patent.

7. Helen of Troy's exclusive licensee, OXO International, Ltd., sells and offer to sell one or more products incorporating the invention(s) in the '952 Patent.

8. Without permission or license from Helen of Troy, Wilton made, is making, sold, is selling, offered for sale, is offering for sale, imported, and/or is importing into the United States, within this judicial district and elsewhere, products, including, *inter alia*, kettles that directly infringe, contributorily infringe and/or induce others to infringe, one or more claims of the '952 Patent, in violation of 35 U.S.C. § 271.

9. Helen of Troy notified Wilton of its infringing conduct as prescribed by 35 U.S.C. § 287(a).

10. Upon information and belief, Wilton's infringement is willful.

11. Wilton's infringement of the '952 Patent has caused irreparable injury to Helen of Troy, and unless and until Wilton's continuing infringement of the '952 Patent is enjoined by this Court, Helen of Troy will continue to suffer irreparable injury. Helen of Troy has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Helen of Troy requests that this Court enter an order and judgment in its favor and against Wilton:

a.  preliminarily and permanently enjoining Wilton, and its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys and all persons in active concert or participation with it, from infringing the '952 Patent;

b.  ordering Wilton to pay Helen of Troy the damages that it has incurred as a result of the acts complained of herein, including, but not limited to, an award to Helen of Troy of its lost profits as a result of the acts complained of herein, but, in no event, an award to Helen of Troy of damages less than a reasonable royalty as a result of the acts complained of herein, and that any such damages award be trebled pursuant to 35 U.S.C. § 284;

c.  ordering Wilton to pay Helen of Troy prejudgment and post judgment interest on its damages and the costs and expenses of this action, and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, as a result of the acts complained of herein; and

d.  awarding Helen of Troy any other relief that this Court deems just and fit.

## DEMAND FOR JURY TRIAL

PURSUANT TO FED. R. CIV. P. 38(B), HELEN OF TROY DEMANDS A TRIAL BY JURY.

**DATED: December 17, 2007**　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　HELEN OF TROY LIMITED


　　　　　　　　　　　　　　　　　　　　　　　By ___/s/ Joseph H. Herron_____
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys


<u>Attorneys for Defendant</u>
Alan L. Unikel
Joseph R. Lanser
Joseph H. Herron
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of Helen of Troy's ANSWER AND COUNTERCLAIMS to be served upon Plaintiff's attorney via this Court's electronic filing service, this 17th day of December, 2007.

>Monica L. Thomspon
>R. Blake Johnston
>Gillian D. Madsen
>DLA PIPER US LLP
>203 N. LaSalle Street, Suite 1900
>Chicago, IL  60601
>(312) 368-4000
>(312) 236-7516 (Fax)

       /s/ Joseph H. Herron

CH1 11378264.1