IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILTON INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07 C 6560 |
| v. | ) | |
| | ) | |
| HELEN OF TROY LIMITED, | ) | |
| | ) | Judge Kendall |
| Defendant. | ) | Magistrate Judge Schenkier |

**WILTON INDUSTRIES' INC'S ANSWER AND AFFIRMATIVE
DEFENSES TO HELEN OF TROY LIMITED'S COUNTERCLAIM**

Plaintiff Wilton Industries, Inc. ("Wilton"), by and through its counsel, DLA Piper US LLP, and for its Answer to the Counterclaim submitted by Defendant Helen of Troy Limited ("Helen of Troy"), states as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, for Wilton's infringement of patent no. 7,225,952 ("the '952 Patent").

**Answer:** Wilton admits that Helen of Troy contends that Wilton has infringed or is infringing the '952 Patent, but denies that it has infringed or is infringing the '952 Patent.

2. Counterclaimant Helen of Troy is a Barbados international business company, and has its principal place of business at 13 – 8th Avenue, St. Michael, Barbados.

**Answer:** Wilton lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2.

3. On information and belief, Wilton is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business at 2240 West 75th Street, Woodridge, Illinois 60517.

**Answer:** Admit.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this matter arises under an act of Congress relating to the '952 Patent.

**Answer:** Admit.

5. Through the filing of its Complaint, Wilton asked this Court for a declaratory judgment for non-infringement and invalidity of the '952 Patent, and thus submitted itself to the jurisdiction of this Court.

**Answer:** Admit.

6. Helen of Troy is the owner of all right, title and interest in and to the '952 Patent.

**Answer:** Wilton lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6.

7. Helen of Troy's exclusive licensee, OXO International, Ltd., sells and offer to sell one or more products incorporating the invention(s) in the '952 Patent.

**Answer:** Wilton lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7.

8. Without permission or license from Helen of Troy, Wilton made, is making, sold, is selling, offered for sale, is offering for sale, imported, and/or is importing into the United States, within this judicial district and elsewhere, products, including *inter alia*, kettles that directly infringe, contributorily infringe and/or induce others to infringe, one or more claims of the '952 Patent, in violation of 35 U.S.C. § 271.

**Answer:** Wilton denies the allegations set forth in paragraph 8.

9. Helen of Troy notified Wilton of its infringing conduct as prescribed by 35 U.S.C. § 287(a).

**Answer:** Wilton admits that Helen of Troy notified Wilton of Helen of Troy's contention that Wilton has engaged in infringing conduct, but denies that it has engaged in, or currently engages in, infringing conduct.

10. Upon information and belief, Wilton's infringement is willful.

**Answer:** Wilton denies that it has engaged in, or currently engages in, infringing conduct, willful or otherwise.

11. Wilton's infringement of the '952 Patent has caused irreparable injury to Helen of Troy, and unless and until Wilton's continuing infringement of the '952 Patent is enjoined by this Court, Helen of Troy will continue to suffer irreparable injury. Helen of Troy has no adequate remedy at law.

**Answer:** Wilton denies that it has engaged in, or currently engages in, infringement of the '952 Patent and, accordingly, denies the allegations set forth in paragraph 11.

WHEREFORE, Wilton requests that this Court enter judgment in its favor and against Helen of Troy with respect to Helen of Troy's Counterclaim.

## **AFFIRMATIVE DEFENSES**

Wilton, by and through its counsel, DLA Piper US LLP, and for its affirmative defenses to the Counterclaim submitted by Helen of Troy, states as follows:

1. U.S. Patent No. 7,225,952 (the "'952 Patent") is not infringed by Wilton because no product made, used or sold by Wilton is within the scope of any patent claim.

2. The '952 Patent is invalid for failure to comply with the conditions and requirements for patentability as set forth in Title 35 of the United States Code. Specifically, but without limitation:

(a) The claimed invention of the '952 Patent was patented in multiple foreign countries before the invention thereof by the applicant for the '952 Patent; and

(b) Given the prior art, the subject matter sought to be patented in the '952 Patent was obvious at the time the invention was made to a person having ordinary skill in the art.

WHEREFORE, Wilton requests that this Court issue an order adjudging and declaring that:

A. Helen of Troy's Counterclaim against Wilton be dismissed with prejudice;

B. Wilton be awarded all of its costs, disbursements and attorneys' fees incurred in the defense of the Helen of Troy's Counterclaim; and

C. Wilton be awarded such other and further relief as this Court deems appropriate.

          Respectfully submitted,

          WILTON INDUSTRIES, INC.


          By:_____/s/ Gillian D. Madsen_____
                One of its attorneys

Monica L. Thompson (ARDC #6181455)
R. Blake Johnston (ARDC #6239464)
Gillian D. Madsen (ARDC #6243405)
DLA PIPER US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
(312) 368-4000
Fax: (312) 236-7516