IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILTON INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07 C 6560 |
| v. ) | |
| ) | |
| HELEN OF TROY LIMITED, ) | |
| ) | Judge Kendall |
| Defendant. ) | Magistrate Judge Schenkier |

## JOINT INITIAL STATUS REPORT

Plaintiff/Counterdefendant Wilton Industries, Inc. ("Wilton") and Defendant/Counterplaintiff Helen of Troy Limited ("Helen of Troy") submit the following joint initial status report:

**1. Attorneys of Record for Each Party, Including the Attorney(s) Expected To Try the Case**

Attorneys of Record for Wilton:

Monica L. Thompson
R. Blake Johnston
Gillian D. Madsen
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
(312) 368-4000
Fax: (312) 236-7516

Wilton anticipates that all three of the above-listed attorneys will be actively involved in the trial of the case, with Monica L. Thompson acting as lead trial attorney.

Attorneys of Record for Helen of Troy:

Alan L. Unikel
Joseph R. Lanser
Joseph H. Herron
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400

Chicago, Illinois 60603-5577
(312) 460-5000
Fax:   (312) 460-7000

Helen of Troy anticipates that all three of the above-listed attorneys will be actively involved in the trial of the case, with Alan L. Unikel acting as lead trial attorney.

## 2. The Basis for Federal Jurisdiction

The jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. § 1331 (federal question); § 1338(a) (as a civil action arising under any act of Congress relating to patents); and §§ 2201 and 2202 (as a declaratory action in a case of actual controversy within the jurisdiction of a federal court).

## 3. Nature of the Claims Asserted in Complaint and Counterclaim

After receiving communications from Helen of Troy in which Helen of Troy asserted its contention that Wilton's "Copco Gravity Kettle" infringes one or more claims of Helen of Troy's U.S. Patent No. 7,225,952 (the "'952 Patent"), Wilton brought this action seeking a declaratory judgment that:

(1)  The Copco Gravity Kettle does not fall within the scope of any of the claims of the '952 Patent, and Wilton's manufacture, use, offer to sell, or sale of the Copco Gravity Kettle does not infringe any of the claims of the '952 Patent; and

(2)  Each of the claims of the '952 Patent is invalid because:

(a)  The claimed invention of the '952 Patent was patented in multiple foreign countries before the invention thereof by the applicant for the '952 Patent; and

(b)  Given the prior art, the subject matter sought to be patented in the '952 Patent was obvious at the time the invention was made to a person having ordinary skill in the art.

In its Complaint, Wilton also requests costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

Helen of Troy asserted a counterclaim alleging that Wilton's Copco Gravity Kettle infringes the '952 Patent, and requesting injunctive and monetary relief, including, but not limited to, lost profits, reasonable royalties, and treble damages pursuant to 35 U.S.C. § 284, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**4. The Name of Any Party Not Yet Served and the Circumstances Regarding Non-Service**

Not applicable.

**5. The Principal Legal Issues**

It is not yet known whether there will be a dispute as to the construction of any claim of the '952 Patent. Claim construction, to the extent there is a dispute, will be the principal legal issue in this case.

**6. The Principal Factual Issues**

(1) Whether Wilton's Copco Gravity Kettle infringes any claim of the '952 Patent and, if so, whether such infringement was willful;

(2) Whether the '952 Patent is invalid by reason of anticipation;

(3) Whether the '952 Patent is invalid by reason of obviousness; and

(4) Determination of any damages adjudged to be due and owing.

**7. Whether a Jury Trial Is Expected By Either Party**

Both parties have made jury demands.

Wilton does not expect the case to ultimately be tried, however, as Wilton anticipates resolution of this case by way of a Federal Rule of Civil Procedure 56 dispositive motion.

Helen of Troy anticipates the case will necessarily proceed to a jury trial for the issues of infringement, willful infringement, validity and damages.

**8. Short Description of Discovery Undertaken to Date and Anticipated in the Future**

No discovery has been initiated to date.

Wilton does not anticipate any need to initiate discovery before proceeding with a Federal Rule of Civil Procedure 56 dispositive motion. In the event, however, that Helen of Troy is permitted to proceed with discovery in advance of the parties' anticipated dispositive motions, Wilton might propound discovery requests regarding the alleged basis for Helen of Troy's Counterclaim and, if necessary, as to invalidity issues.

Helen of Troy believes that discovery is required before any Federal Rule of Civil Procedure 56 dispositive motion can be filed and that fact discovery will entail investigation of Wilton's infringement of the patent claims, willful infringement of the patent claims and Helen of Troy's damages because of that infringement. Helen of Troy also believes that expert discovery will be required regarding infringement, validity and damages. Helen of Troy anticipates fact and expert discovery will take a minimum of eight months (until September 30, 2008), with dispositive motions to be filed thereafter.

**9. Earliest Date Parties Will be Ready for Trial and Length of Trial**

The parties anticipate that they will be ready for trial by January 5, 2009, and the trial is anticipated to take three to five days.

**10. Whether Parties Unanimously Consent to Proceed Before Magistrate Judge**

No.

**11. <u>Status of Settlement Discussions and Whether Parties Request a Settlement Conference</u>**

The parties engaged in settlement discussions in an attempt to resolve this matter without the Court's assistance, but they were unable to reach agreement. The parties do not request a settlement conference at this time, but they may wish to do so in the future.

Respectfully submitted,

| WILTON INDUSTRIES, INC. | HELEN OF TROY LIMITED |
|---|---|
| By: /s/ Gillian D. Madsen | By: /s/ Alan L. Unikel |
| One of its attorneys | One of its attorneys |
| Monica L. Thompson (ARDC #6181455) | Alan L. Unikel |
| R. Blake Johnston (ARDC #6239464) | Joseph R. Lanser |
| Gillian D. Madsen (ARDC #6243405) | Joseph H. Herron |
| DLA PIPER US LLP | Seyfarth Shaw LLP |
| 203 N. LaSalle Street, Suite 1900 | 131 South Dearborn Street, Suite 2400 |
| Chicago, IL 60601 | Chicago, IL 60603 |
| (312) 368-4000 | (312) 460-5000 |
| Fax: (312) 236-7516 | Fax: (312) 460-7000 |